# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No. **2:26-cv-10244-DOC-DTB** Date: **November 18, 2026**

Title: **Marvin Jenkins, et al. v. Social Security Adm., et al.**

=================================================================

**DOCKET ENTRY**

=================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| | |
|---|---|
| Rebecca Camacho | n/a |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT(S): |
| None present | None present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

On September 11, 2026, the Court received from plaintiffs Marvin Jenkins ("Jenkins") and Nathaniel Williams ("Williams") a Complaint for Damages pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301, 4302, et seq. (Docket No. 1).

First, the Complaint must be signed by both plaintiffs. See Fed.R.Civ.P. 11; Central District of California Local Rule ("Local Rule") 11-1 ("All documents, except declarations, shall be signed by the attorney for the party or the party appearing pro se. The name of the person signing the document shall be clearly typed below the signature line."). Pro se litigants are not exempt from the Local and Federal Rules. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), overruled in part on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc); see also Local Rule 83-2.2.3 ("Any person appearing pro se is required to comply with the[] Local Rules and with the F[ederal Rules]."). "Failure to comply with the rules enumerated in Local Rule 83-2.2.3 may be grounds for dismissal or judgment by default." Local Rule 83-2.2.4.

Second, a litigant in federal court has a right to act as his or her own counsel. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). However, pro se litigants have no authority to represent anyone other than themselves. See Simon v. Hartford Life, Inc.,

546 F.3d 661, 664 (9th Cir. 2008) (nonattorney may not attempt to pursue claim on behalf of others in a representative capacity); see also Local Rule 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person – even a spouse, relative, or co-party in the case.").

To the extent that Jenkins and Williams are attempting to represent each other in this action, such is not allowed because they are proceeding pro se and pro se plaintiffs may not represent anyone besides themselves, even if they are related to each other. Simon, 546 F.3d at 664; Local Rule 83-2.2.1. For example, the caption of the Complaint lists Jenkins and Williams as plaintiffs. See Docket No. 1, Complaint at 1. However, the Complaint was only signed by Jenkins. Id. at 5, 17.

Thus, it appears that Jenkins filed the Complaint on behalf of himself and Williams, which is not allowed because all plaintiffs are proceeding pro se and, thus, may not represent anyone besides themselves in this or any matter before the Court.

As both Jenkins and Wiliams are proceeding pro se, they are ORDERED to show cause by **December 18, 2026**, why Williams should not be dismissed from this action to allow him to file his own civil rights complaint along with paying his filing fee or seeking leave to proceed in forma pauperis.

The dismissal of Williams from this action will discharge this Order to Show Cause. Should Williams desire to proceed with a pro se civil rights action, he must do so on his own, in a separate civil rights action, as pro se litigants have no authority to represent anyone other than themselves. See Simon, 546 F.3d at 664.

The Clerk is DIRECTED to mail Williams a blank CV66 Civil Rights Complaint form him to utilize.

**IT IS SO ORDERED.**



Initials of Deputy Clerk rec